FILED
March 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002506245

4 Pages

Mariam S. Marshall, Esq. (Bar No. 157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
The Westlake Building
350 Frank H. Ogawa Plaza, Suite 600
Oakland, California 94612
Telephone: (510) 835-8359
Facsimile: (510) 835-8259
mmarshall@marshallramoslaw.com

Attorneys for Trustee,
PREM N. DHAWAN

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SANGHA-WM, LLC,<br><br>    Debtor. | Case No. 10-24884<br>Chapter 7<br><br>DCN  MAR-002<br><br>Date:   April 13, 2010<br>Time:  9:30 AM<br>Place:  U.S. Bankruptcy Court<br>         501 "I" Street, Courtroom 35<br>         Department C, 6th Floor<br>         Sacramento, CA 95814<br>Judge:  Hon. Christopher M. Klein |

**TRUSTEE'S MOTION FOR SALE OF
PERSONAL PROPERTY OF THE ESTATE**

      Prem Dhawan, the duly appointed and acting Chapter 7 trustee for the bankruptcy estate of SANGHA-WM, LLC, (the "Trustee") will move this Court for an Order authorizing the Trustee to sell the estate's right, title and interest in the assets of the Debtor, which assets include, but are not limited to, miscellaneous restaurant equipment, a walk-in refrigerator/freezer, cabinets, counters, serving counter, storage racks, cash register, and miscellaneous food and disposable serving products (the "Personal Property"). A list of the Personal Property is attached as Exhibit "A" to the Declaration of Prem Dhawan, submitted herewith. The Trustee proposes to sell the Personal Property "as is" "where is" without

TRUSTEE'S MOTION FOR SALE OF PERSONAL PROPERTY OF THE ESTATE

warranties and representations, to the former member of the Debtor, Sher Sangha (the "Buyer"), for the net sum of $27,500, subject to overbids and bankruptcy court approval. It is the understanding of the Trustee that the Personal Property is free and clear of liens and encumbrances.

In support of his Motion, the Trustee represents as follows:

1. That SANGHA-WM, LLC ("Debtor") filed a Chapter 7 bankruptcy case on February 28, 2010, and Movant is the duly appointed and acting trustee of the Debtor's estate.

2. The Trustee has negotiated an agreement to sell the Personal Property to the Buyer for the net sum of $27,500 ("Purchase Price"), subject to overbids and bankruptcy court approval (the "Sales Agreement"). Pursuant to the terms of the Sales Agreement the Buyer shall pay the Purchase Price in certified funds on or before March 18, 2010. The Trustee has received the full Purchase Price from the Buyer.

3. The Sales Agreement further provides that:
   A. The sale of the Personal Property by the Bankruptcy Estate to the Buyer is subject to overbids and approval by the Bankruptcy Court;
   B. The Buyer represents that he has full and complete knowledge and understanding of the Personal Property as Buyer, Sher Sangha, is a former member and officer of the Debtor. Neither Trustee, nor the Bankruptcy Estate, make any representations and/or warranties with respect to the Personal Property;
   C. The full Purchase Price payments shall be made in certified funds; and
   D. In the event that the Bankruptcy Court fails to approve the sale of the Personal Property to the Buyer, then the Buyer's full Purchase Price payment shall be refunded to the Buyer.

4. The Trustee believes that it is in the best interests of the estate to sell the Personal Property to the Buyer for the net sum of $27,500. It is the Trustee's business

judgment that $27,500 is a reasonable sale price for the Personal Property in light of the fact that: (a) is depreciating in value; (b) its intended use is limited to commercial restaurant environment; and (c) some of the Personal Property is affixed to the real property and it would be expensive to remove.

5. The Trustee respectfully requests that the Court only approve overbids presented at the hearing that meet the following criteria:

    (a) Overbidding shall start at $28,000 for the Personal Property. Any overbids after the initial $28,000 overbid, shall be in increments of $500.

    (b) To qualify as a bidder, the bidder must deliver to the Trustee's counsel's office, located at 350 Frank Ogawa Plaza, Suite 600, Oakland, California, a cashier's check or certified check for $28,000, by no later than end of business on April 12, 2010. The cashier's check or certified check shall serve as a non-refundable deposit if the overbid is successful. . The balance of the overbid Purchase Price shall be delivered to the Trustee's counsel's office in certified funds on or before the end of business on April 14, 2010. In the event that any bidder is not the successful overbidder, the Trustee shall refund that bidder's deposit to the bidder.

6. The Trustee seeks authority to execute any and all additional conveyances, assignments, schedules or other documents as may be necessary to consummate this sale. Further, if the Buyer is not the successful bidder, the Trustee requests authorization to refund the Buyer's Purchase Price payment of $27,500.

7. The Trustee further seeks waiver of the ten day waiting period imposed by FRBP 6004(h).

**WHEREFORE**, the Trustee respectfully requests that he be authorized to sell to the Buyer, the estate's right, title and interest in the Personal Property for the net sum of $27,500 pursuant to the provisions of 11 U.S.C. Section 363(b), and authority to execute any and all additional conveyances, assignments, schedules or other documents as may be necessary to consummate this sale. Further, if the Buyer is not the successful bidder, the Trustee requests authorization to refund the Buyer's Purchase Price payment of

$27,500. Finally, the Trustee further seeks waiver of the ten day waiting period imposed by FRBP 6004(h).

Dated: March 23, 2010                MARSHALL & RAMOS LLP


/s/ Mariam S. Marshall
MARIAM S. MARSHALL
Attorneys for Trustee
PREM N. DHAWAN